UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**
AUG 1 6 2018
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

ANTHONY W. TAYLOR,  )
    Plaintiff,  )
                )  No.1: 17-cv-02384-JMS-MPB
v.  )
                )
CORIZON HEALTH,  )
    Defendants  )

## PLAINTIFF'S BREIF IN SUPPORT OF SUMMARY JUDGMENT IN FAVOR FOR PLAINTIFF

### STATEMENT OF THE CASE

This is a § 1983 action filed by a prisoner at New Castle Correctional Facility seeking damages, a declaratory judgment, based on the failure to provide care for Plaintiff's consistent with the applicable standard of care for his medical treatment upon his admission to the Corizon's medical health care. There is no distinction in Indiana law between the standard of care required and expected in the medical treatment of inmates and the standard of care expected in treating general population, being a temporary loss of liberty interests, and the denial of adequate medical care as to standards of the law. In this motion the plaintiff seeks summary judgment on his claims arising from Corizon's medical health care services provided by it's employees.

### STATEMENT OF THE FACTS

On the date January 7, 2012 I was diagnosed with a chronic kidney disease and since then the only help I have received is blood testing and urine testing and checking general signs of health. The doctor never order test's that produce pictures of the kidneys and the near by organs and the lymph nodes. Most of the issue's I'm having now concerning my kidney I described in my initial complaint swollen lumps, boils under my arms, and private area with the pain I'm having on my right side abdomen area. Defendants constant denial adequate treatment, my condition has become worse as I will explain and show as follows:

1. On this date 11/4/2013 I saw doctor John B. Clarkson MD, and was explaining to him of the pains I am having in my abdomen area and this knot or lump that cause pain. on 2/20/2013 on a chronic care visit I made Michelle L. Myers, FNP-BC aware of the pains I'm having then and the only thing they did was order blood work. . To this day I don't whether are not this is an infection or a cyst I don't know because there was never a full medical diagnosis. Dr. Clarkson was made aware of these issue's by Myers, FNP-BP and nothing was done about the issue's I

just explained on the above, in fact I saw Dr. Clarkson in 2014, and 2015 concerning this same which I requested that those records be release to me all to know avail.

2. On February 24, 2015 Chronic care visit by Deborah L. Perkins NP.RN acknowledged the fact that I have a renal failure stated in the history of present illness. At that time I was trying to explain about the different pains I was having in my abdomen area, the defendants told me that they would do a blood test.

3. On July 24, 2015 chronic care visit by Barbara Brubaker APN/NP acknowledged the fact that I have a renal failure and stated that the symptoms are reported as being moderate. Explained I constantly having pains in my abdomen area, and different knots/lumps I am not receiving treatments. Yet, I have continuously informed them of my pain and suffering and they did nothing all this time to alleviate these symptoms or my pain.

4. On June 21, 2016 Nurse sick call visit I saw Melanie Johnson, LPN concerning pain in my lower right back kidney region and pain in my right abdomen area also these knots that have pus in them under my left arm and on the left side of my groin. I explained that I wake up in sweat at time. I never received any treatment or care for my pain and the medication that was given for the knots did not help and the abdomen pain there has never been any treatment for it.

5. On July 7, 2016 Chronic care visit I saw Bryan D. Buller, MD I explained about the prior sick call visit on June 21, 2016 concerning pains and these knots, boil that keep returning on different parts of my body nothing was done about it. I'm not sure if the knots and boils are caused by my kidney disease or failure and possibly because I have not received any medication for my kidney disease.

6. On September 13, 2016 Nurse sick call visit I saw Deanna L. Buckmaster, LPN I explained then that I had painful knots to my right top of foot and left groin area nothing was done about the pains or knots on this day. I was explaining to the nurse about the abdomen pain at the time too, however I was a signed to see the doctor by her no inquiring was made by the nurse of the knots and pain I was experiencing.

7. On September 19, 2016 provider visit I saw Glover Jeffrey, NP for a follow up of previous nurse sick call visit on September 13, 2016 concerning knots on top of my foot, and left inguinal groin area, however on 9/19/2016 1. Assessment skin infection (686.9), Symotomatic.

8. On October 25, 2016 on a Chronic care visit I Ippel Bruce D. MD and the documents generated by Loretta Dawson, NP I was explaining again about the pain and knots and boils I'm having in my prior two visit's of September 13 and 19, 2016 but in this visit like the last two, nothing was bone about it, in fact there was nothing recorded in the October 25, 2016 visit concerning the pain and issue's I have been having. no inquiring was made to the movement of the knots and pain I was experiencing.

9. On May 11, 2017 Nurse sick call visit I saw Bruce D. Ippel MD I was never given any kinda

9

medication for my kidney disease and in this interview on 5/12/2017 I mentioned in the above about the these issue's but there was nothing done other than given me Benzoyl peroxide topical gel and Prednisone 20 mg tablet that had no effect in helping the pains and my kidney, still no inquiring was made to the move of the knots and pain I was experiencing.

10. On August 23, 2017 Chronic care visit I saw Kenneth Robertson, MD I was given medication Bactrim DS 800 and Benzoyl Peroxide, Prednisone 20 mg tablet, my kidney issue has never been address and I'm still having the same pains in my abdomen area.

11. On November 2, 2017 Chronic care visit I saw Gerald T Bowen, MD I explained about the pain I have been having in my abdomen area and around on my right side lower back and the lumps that keep coming up on different part of my body he did a physical exam, then on 11/10/2017 on a nurse visit I was given an annual nurse screening but there was nothing mention in the screening of the pain and knots or boils that keep coming on my body still no inquiring was made to the move of the knots and the pain I was experiencing.

On 7/19/17 The district court took the view that the allegations of the complaint arguably suggest that the named defendants had operated under the color of state law. That rule provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Additionally, because Mr. Rodriguez filed his complaint without the assistance of counsel, we construe liberally the factual allegations of his complaint. See Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). The complaint in this case is certainly adequate under these standards.

## ARGUEMENT
### II. Legal Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Spurling v. C & M Fine Pack, Inc., 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In

determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. See CTL ex rel. Trebatoski v. Ashland School Dist., 743 F.3d 524, 528 (7th Cir. 2014). Basden v. Prof'l Transp., Inc., 714 F.3d 1034, 1037 (7th Cir. 2013) ("In response to an employer's motion for summary judgment, it is the plaintiff's burden to produce evidence sufficient to permit a jury to conclude that she would have been able to perform the essential functions of her job with a reasonable accommodation.") (emphasis added). Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980). Liability for an individual under ℂ 1983 is based on that individual's personal involvement in the constitutional violation.

## POINT 1
### THERE IS GENUINE ISSUE OF MATERIAL FACT THAT PRECLUDE SUMMARY JUDGMENT FOR THE DEFENDANTS ON THE PLAINTIFF'S MEDICAL CLAIM

Plaintiff argues that defendant is grossly negligently indifferent with a continuing practice that allows for the unconstitutionally inadequate care causing Plaintiff to suffer, which is causing his kidney disease to get worse by doing nothing other than taking blood test and urine which is a general steps by the doctor. However the doctors job is to be in fact with his/her diagnose by taking every step necessary as well as taking x-rays which would show any change in my kidney and surrounding tissue or if there is any cancer tumor. There is know reason for the doctor not to check or wanna check to be sure there is no serious signal of a kidney tumor because the symptoms that I have explained that is happening to my body mainly the pain I have in my abdomen area and now this sharp needle like pain that has started in my right hand that occurs often nothing has been done to see if those knots or lumps that has anything to do with my lymph nodes. It is the doctor job to make sure there are no future issues like cancer or at lease tract down the cause of these knots/lumps that keep occurring. The defendants act like I'm making up the different issues that keep occurring that causes pain. When I requested for this facility to allow me to be examined by a outside expert who specialized in examining kidney disease and other issues that might be causing these pains and knots/lumps they denied my request claiming that they have there on expert doctor's, but none of them has did an ex-ray to be in fact about my kidney conditions and the surrounding tissues that could be effected by it. The seriousness of being diagnoses with a kidney disease and the fact that the defendants have not did a full examination of my kidney to really find out the cause of the other issues such as these knots/lumps that cause pain is mentally stressful and

allowing me to deteriorate in my physical condition not stabilizing it is a detriment to my health or if it is incurable, they should not allow me to suffer in pain. After the plaintiff explains these issues to the defendants there is nothing being done to really find out if the pain is being caused by the kidney disease or something else that is serious.

## POINT 2
### DEFENDANT'S ARE LIABLE FOR THE INADEQUATE HEALTH CARE VIOLATIONS BY REASON OF HIS FAILURE TO REPONDE TO MY CONDITION IN A MANNER THAT WAS CONSTITUTIONALLY SATISFYING THE STANDARD OF CARE

### DEFENDANT John B. Clarkson MD

On this date 11/4/2013 I saw doctor John B. Clarkson MD, and was explaining to him of the pains I am having in my abdomen area and this knot or lump I feel in the same area that cause pain. In his chronic care visit he stated that my chronic dx, stable, recent gfr 58, goal bp (See Exhibit A pg1-2 ) However in this same year prior to the above mention date on 2/20/2013 on a chronic care visit by Michelle L. Myers, FNP-bC (See Exhibit B pg 1-3 ) I made the nurse aware of the pains I'm having then and the only thing they did was order blood work. What I explained to both about the different pains and lumps and knots I'm having they never made recorded as to what I really told them. To this day I don't No whether are not this is an infection or a cyst I don't know because there was never a full medical diagnosis.

### DEFENDANT Christopher S. Nelson, MD,

On this date 3/16/2014 I saw doctor Christopher S. Nelson, MD, according to the chronic care visit report that my CKD stable ros negative. (See Exhibit C pg 1-3 ) each time I explain the problems and pains I'm having they never write it in their report they always say either blood test or urine test and on three different times the doctor did not see the labs test and did not know what my current status was and had to order lab redone. I've always explained of this pain in my abdomen area and this knot I feel but they act as if I'm making it up. There was nothing done to see what was causing the pain in my abdomen area.

### DEFENDANT Deborah L. Perkins, NP/RN

On this date 5/30/2014 I saw Deborah L. Perkins, NP/RN chronic care visit and according to the record stated "The symptoms are reported as being moderate." "She states the symptoms are fairly controlled."(See Exhibit D pg 1-4 ) It seem that each time I go to a chronic care visit and explain to the nurse's of the pains I'm having in my abdomen area and the different knots or lumps that keep appearing

nurse's of the pains I'm having in my abdomen area and the different knots or lumps that keep appearing on different parts of my body they never do anything and put false information in the medical system that I never said. On 11/21/2014 each one of these dates for chronic care visits in (Exhibit E pg 1-5) by Deborah L. Perkins, NP/RN nothing was done to make any doctor aware of the pain I was complaining about and each time nothing was done on 2/24/2015.

### DEFENDANT Michael E. Person, MD

On this date 11/12/2015 I saw doctor Michael E. Person, MD and on this date I was trying to explain about the pain I feeling in my abdomen area and some type of lump or mass in the kidney area that I feel to this day. The only thing he mentioned was what he was reading off the computer medical system that the labs test and urine was stable (See Exhibit F pg 1-3 ). I ask about x-ray the area where I feel this knot and pain which is on my right side abdomen around to my right middle lower back. He states it could be just gas that's causing the knot like feelings. There was nothing done about the pain in fact he said he would run another blood test.

### DEFENDANT Barbara A. Brubaker, APN/NP

On this date 7/24/2015 I saw Barbara A. Brubaker, APN/NP chronic care visit this visit was before point 2 visit to the doctor everything that I was explaining to the nurse concerning the pains in my abdomen area and the lump or knots that keep coming on different parts of my body the nurse never mentioned it in this report because I ask the doctor did he get any notice from the nurse about this pain I'm having. There was nothing mentioned in her report on this date (See Exhibit G pg 1-3 ). Also in the past I have ask for x-ray to be done to see if this kidney disease was a cancer or if near by organs has been effective by this disease all to know avail. They continue to not diagnois the cause of the pain.

### MELANIE JOHNSON, LPN

On 6/21/2016 I saw Melanie Johnson, LP concerning pain in my lower right back kidney region see upper paragraph ( Exhibit H pg 1). Supporting my claim.

### Fahkry Rafiq, MD

April 1, 2016 Chronic Care Visit, the same issue's that I was complaining about to Melanie Johnson in (Exhibit H pg 1) are the same issue's that I was telling Fahkry Rafiq, MD about on April 1, 2016 and nothing was done about it, in fact in the report he wrote everything was negative. (See Exhibit I pg's 1-3)

13

## FINDINGS OF LAW TO LIABILITY OF THE DEFENDANT'S

To assert an Eighth Amendment claim, plaintiff must allege that jail officials acted with "deliberately indifference" to a substantial risk of serious harm to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 829, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Jail officials act with deliberate indifference when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). Inmates have a "serious harm" if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." Id.

Deliberate Indifference

    (1) prison officials knew about your serious medical need and

    (2) failed to respond reasonably to it.

    Estelle, 429 U.S. at 104. Gutierrez v. Peters, 111 F.3d 1364 1369 ( 7th Cir. 1997).

14

Taylor has shown all Defendant's were aware of all his complaints and injuries and has proof of their actions and evidence of the results of their actions of deliberate indifference to his serious medical needs. Defendant's actions or inactions has caused Taylor more pain and physical injury, defendant's have made his conditions worse and caused new medical problems through a combination of these injuries not being cared for. Berman v. Young, 291 F.3d 976, 982 (7th Cir. 2002). "As with all the elements of a civil case, causation must be proven by a preponderance of the evidence." Berman v. Young, 291 F.3d 976, 982 (7th Cir. 2002). It is clear from the above shown points in this motion that the evidence clearly shows all defendant's causation's to Taylor's injuries. Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would know that a doctor's attention was needed. See Foelker v. Outagamie County, 394 F.3d 510, 512-13 (7th Cir. 2005); Edwards v. Snyder, 478 F.3d 827, 830-831 (7th Cir. 2007). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008) (citing Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). The "objectively seriousness" of the inmate's medical condition in situations of not receiving medications is not the medical condition itself, but is the medical consequences of not receiving the medications. See: Lewis v. Wallenstein, 769 F.2d 1173, 1186 (7th Cir. 1985) (holding that inadequate sick call procedures are actionable only if as a result inmates are "effectively denied access to adequate medical care"); Edwards v. Snyder, 478 F.3d 827, 832 (7th Cir. 2007) (treatment that was "'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition" may support deliberate indifference claim); However a lay person may be found to have been deliberately indifferent to an inmate's medical needs if he has actual knowledge or has reason to believe that medical personnel are not treating or mistreating a prisoner. King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) at 1018. (See Exhibit J pgs 1-3) See page 1.

*Prison officials may exhibit deliberat indifference to a known condition through inaction* McCoy, 593 F.3d 610, 623-24 (7th Cir. 2010), or by delaying necessary treatment and thus aggravating an injury or needlessly prolonging an inmate's pain, Gomez v. Randle, 680 F.3d 859, 865-66 (7th Cir. 2012). Claims of deliberate indifference to a prisoner's medical needs are examined differently depending on whether the defendant is a medical professional or a lay person. McGee v. Adams, 721 F.3d 474, 481 (7th Cir. 2013). Lay persons who are not responsible for administering medical care are entitled to rely on and defer to the judgment of medical professionals. Id. at 483; King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012). However, a lay person may be found to have been deliberately indifferent to an inmate's medical needs if he has actual knowledge or has reason to believe that medical personnel are not treating or mistreating a prisoner. King, 680 F.3d at 1018.

(1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. uncontested submissions clearly would allow a reasonable trier of fact to find in his favor, and that is all he need show here.
Deliberate indifference requires a showing of more than mere negligence (or even gross negligence) but less than purposeful infliction of harm. A detainee establishes a 42 U.S.C.S. ⊏ 1983 claim by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger. Although this is a high hurdle for a plaintiff, he need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.

The Defendants' qualified immunity argument is truncated and essentially merely describes the general law concerning the availability of the defense. See de la Rama v. Ill. Dep't of Human Servs., 541 F.3d 681, 688 (7th Cir. 2008) ("[U]nsupported and undeveloped arguments are waived.")

*See Nurse visit on September 13, 2016 (Exhibit K pgs 1-4) Where as I was complaining about different pain's on the right of my body see page 4, in the (Exhibit K).*

*On September 19, 2016 Nurse visit (See Exhibit L pgs 1-3) I was asking about this infection and the knots occuring on different parts of my body is a result of my Kidney disease. I never got a straight answer.*

*See Chronic Care visit (Exhibit M, pgs 1-4) see back side of page 1 and read request for health care 3 and 4 page the very issue's I have been expert witness Bruce Ippel say its negative, October 25, 2016.*

16

On May 11, 2017 at know time was I ever ask about smoking, this is what I ment by the defendant's put false information in the reports. The last time I smoked was 1991. Also even after explaining to LPN, Nicole L Clayborn that I was still having pain's in my abdomen area there was nothing done. (Exhibit N 1-3)

(See Exhibit O) Chronic Care visit paragraph (1) front page also page 2 and 3. May 12, 2017. Ippel Bruce D

On August 23, 2017 Chronic Care visit provider Ippel Bruce MD and document generated by Kenneth Robertson, MD on August 24, 2017 (See Exhibit: P pages 1-4) Concerning abdominal pain.

(See Exhibit Q pages 1-3) Disability Classification page (1) and page (2) Pain in Abdomen and lower back pain. November 10, 2017.

See frist request for access to public record (Exhibit R pages 1 through 16) May 23, 2018, Request for Health Care 3 pages, Ultrasound Evaluation of the Kidneys 4 pages, Garcia laboratory test 2 pages, Lab Results history 6 pages.

17

# EXPERT REPORT OF Dr. Bruce Ippel

On April 27, 2018 Doctor Bruce Ippel stated as an export witness for the defendant's page one "Treatment of CKD consists of monitoring a patient's signs and symptoms and reducing complications in order to slow progression of the disease. There is no medication specifically for CKD, but medication can help control complications and symptoms of CKD, such as high blood pressure, high cholesterol, anemia (lack of red blood cells), and edema (water retention)." Doctor Ippel has always told me that there was nothing they could do to help my kidney disease, this is even after telling him of the pain and knot I feel in my abdomen area. In fact on page two of his expert report he states "he saw me recently for apocrine acne and a Baker's cyst." (See Exhibit O) As if it was this year, he told me this last year and that was the last time I saw him. The acne he claim was his assessment after I told him that these lump like knots keep appearing on different parts of my body. He never really did anything to assist me with that problem or my kidney disease. He never did a full examination to make the type of assessment ass stated in his expert report on page 2. I recently had a x-ray of my abdomen area and was called to medical by Dr. Robertson on 5/10/2018 for the results he explained to me there was nothing to be happy about that x-ray is not clear that there is some mass or something in my abdomen area the same area I've been complaining about, I was told their not sure what it is and is going to order an ultrasound and blood test, which I received on 5/23/2018 and that is exactly what Dr. Robertson told me, now in Dr. Bruce Ippel expert report assessment stating that my CKD is stable I've explained to him many time of the pain in my abdomen and right back side.

Taylor complained he was not getting his medication for kidney disease. Reed v. McBride 178, F.3d 849, 855 (7th Cir. 1999)(where inmate complained about severe deprivation but was ignored be established a "prototypical case of deliberate indifference") "A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." Gayton, 593 F.3d at 620, citing Reed v. McBride, 178 F.3d 849, 852 (7th Cir 1999) As to the Plaintiffs treatment records during the relevant period. In short a jury could infer that the defendants knowingly exposed Anthony Taylor to a substantial danger to his health for no good reason; that is a good definition of deliberate indifference. It is known even non-medical personnel cannot stand by and ignore a detainee's complaints of serious medical issues, Eg., Berry, 604 F.3d at 441. A physician is deliberately indifferent when he persists in an ineffective treatment.

19

However, prolonged pain stemming from a delay or absence of proper medical treatment may support a claim of deliberate indifference. See Petties v. Carter, 795 F.3d 688, 691 (7th Cir. 2015) (collecting cases and holding that prolonged and unnecessary pain resulting from a significant delay in effective medical treatment may support a claim of deliberate indifference). Prison officials may exhibit deliberate indifference to a known condition through inaction, Gayton v. McCoy, 593 F.3d 610, 623-24 (7th Cir. 2010), or by delaying necessary treatment and thus aggravating an injury or needlessly prolonging an inmate's pain, Gomez v. Randle, 680 F.3d 859, 865-66 (7th Cir. 2012)

In Gutierrez, we stated that it was "manifestly clear" that an untreated infected cyst which caused "excruciating pain" sometime accompanied by a fever could result in unnecessary infliction of pain and was thus objectively serious. 111 F.3d at 1373. Finally, in Cooper, the court found that failure to treat cuts, severe muscular pain, and a prisoner's burning sensation in his eyes and skin also satisfied the first prong of the Farmer test. 97 F.3d 914 at 916-17. (See Exhibit O pages 1 and 2.)

20

He must also show that the defendants acted with reckless disregard toward the serious need by "inaction or woefully inadequate action." Hudson v. McHugh, 148 F.3d 859, 863 (7th Cir. 1998).

Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); Kelley v. McGinnis, 899 F.2d 612, 616-17 (7th. Cir 1990)(inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective" (citing Estelle v. Gamble, 429 U.S. 97, 104 n. 10, 97 S. Ct 285, 50 L. Ed. 2d 251 (1976). The decision to continue the allegedly ineffective treatment must be "so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment." Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014).

21

prolonged pain stemming from a delay or absence of proper medical treatment may support a claim of deliberate indifference. See Petties v. Carter, 795 F.3d 688, 691 (7th Cir 2015) (collecting cases and holding that prolonged and unnecessary pain resulting from a significant delay in effective medical treatment may support a claim of deliberate indifference).

In the instant case, Plaintiff has injured organs, and infection resulting in painful skin condition over time and according to Plaintiff, caused severe pain and continues to cause pain to date. In addition, Plaintiff did require and receive medical care for the infection but not for his injured organs. Defendant said this does not constitute a "serious" medical condition. Plaintiff counters that the pain he endured at the time and continues to endure from the lack of proper medical treatment demonstrates that the

22

medical condition was "serious." In light of the disputed facts related to whether Plaintiff received the pain medications and other treatments and the alleged resulting and ongoing pain, a genuine issue of material fact exists as to whether Plaintiff's medical condition was a "serious" medical condition for purposes of Section 1983 liability.

## CONCLUSION

For the foregoing reasons the court should grant summary judgment on liability to the plaintiff on his Medical claims. The amount of damages due to the plaintiff must be determined at trial. Patterson v. Coughlin, 905 F.2d 564, 570 (2nd Cir. 1990) For the foregoing reasons and explanations with law this COURT should grant the motion in it's entirety.

WHEREFORE Plaintiff requests haven seen the forthwith grant request of Punitive Damages

Date: 8/14/2018                Respectfully Requested
                               Anthony Taylor
                               Plaintiff, pro se, Prisoner
                               New Castle Correctional Facility
                               P.O. BOX A
                               New Castle Indiana, 47362

23

# CERTIFICATE OF AUTHENTICITY

I, Taylor, hereby declare under the penalty of perjury that the foregoing attached documents herewith are true and identical copies of authentic documents.

I hereby submit and enter these documents in support of the motion aforementioned herewith.

DATE 8/14/2018            Respectfully submitted,

*Anthony Taylor*
Affiant

24