UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2018 AUG 27 PM 4: 32

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

ANTHONY W TAYLOR, )
    Plaintiff, )
)
v. )   No. 1:17-cv-2384-JMS-MPB
)
CORIZON HEALTH, )
    Defendant. )

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On July 20, 2018 Defendant filed a Summary Judgment and the plaintiff gives the following opposition to summary judgment by the defendant's and shows it should be denied for the following reasons.

### LEGAL STANDARD

"The initial burden is on the moving party . . . to demonstrate that there is no material question of fact with respect to an essential element of the non-moving party's case." Cody v. Harris, 409 F.3d 853, 860 (7th Cir. 2005). If the moving party meets this burden, the non-moving party must submit evidence that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Ptasznik v. St. Joseph Hosp., 464 F.3d 691, 694 (7th Cir. 2006). To be deliberately indifferent a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). The official must know there is a risk and consciously disregard it. It is not enough that he "should have known" of the risk; the standard is not the same as it would be for a medical malpractice claim. In other words, it is a subjective standard. However, a plaintiff may establish subjective awareness of risk by proof of its obviousness. To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'" Farmer, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). The officials must know of and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." Farmer, 511 U.S. at 837. This is not to say that a prisoner must establish that officials intended or desired the harm that transpired. Walker, 293 F.3d at 1037. Instead, it is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk. Id. Additionally, "a fact finder may conclude that a prison official knew of a substantial risk from the very

fact that the risk was obvious." Farmer, 511 U.S. at 842. Id. at 653 (parallel citations omitted).

## DISCUSSION

Plaintiff state to this day he still have the same pain in my abdominal area and the x-ray has provided no use able information to diagnos his condition. In Deffendant argument shows doctors continue same treatment even though there is no further or different testing to Identify his cause of the pain, knots that comes and goes. On pg 10 bottom paragraph *Deffendant Summary Judgment* May 10, 2018 when Plaintiff saw Dr. Robertson for the review of x-ray when Plaintiff in his office he Dr. Robertson said there was nothing to be happy about that the x-ray showed a mass are something in my abdominal area and that he would order more testing an ultrasound. The results are false I'm in pain now in the same area and I feel my body deteriorating.

For this reason is why I motioned to the court asking for an appointed expert witness pathologist, urologist doctor.

Deffendant summary judgment pg-10 at bottom two paragraphs, to this day I continue to have swollen lymph nodes that pop up on different parts of my body like right now my right knee is swollen again from the same knot that is behind my knee it has a burning sensation. Also since the filing of this complaint the statement in paragraph 2 by the defendant is false they are doing nothing at all in fact I was told by Dr. Ippel that there was nothing he could do period.

The physical therapy consultation never happen because when I went on the first day I explained to the therapist what my condition are and she said in Dr. Ippel don't mention nothing about abdominal pain or kidney issue's the report it speak of back pain.

3

Plaintiff explained to the therapist that he has a kidney problem that effecting other parts of his body. The therapist explained that she help with the physical healing process.

Defendant summary judgment pg 8 bottom paragraph concerning the mass in the middle of his abdomen is a contradict to what Dr. Ippel on pg 10 of defendant summary judgment. Dr. Ippel is over looking the facts that there are several types of cancer that can develop in the kidney. if not treated which affects the renal pelvis or the bladder and this could be the reason's for the lymph nodes, one of the symptoms are lump or mass in the kidney area. Something as serious as a kidney disease the Doctor should order for an IVP which is a series of x-Rays Kidney, ureters, and bladder to know the facts and this brings into question of Dr. Ippel's qualification as a Doctor and whether are not if his diagnosis are based on facts.

4

## POINT 1

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Spurling v. C & M Fine Pack, Inc., 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. See CTL ex rel. Trebatoski v. Ashland School Dist., 743 F.3d 524, 528 (7th Cir. 2014). Basden v. Prof'l Transp., Inc., 714 F.3d 1034, 1037 (7th Cir. 2013) ("In response to an employer's motion for summary judgment, it is the plaintiff's burden to produce evidence sufficient to permit a jury to conclude that she would have been able to perform the essential functions of her job with a reasonable accommodation.") (emphasis added). Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980). Liability for an individual under § 1983 is based on that individual's personal involvement in the constitutional violation. To assert an Eighth Amendment claim, plaintiff must allege that jail officials acted with "deliberately indifference" to a substantial risk of serious harm to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 829, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Jail officials act with deliberate indifference when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). Inmates have a "serious harm" if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." Id.

Deliberate Indifference

(1) prison officials knew about your serious medical need and
(2) failed to respond reasonably to it.

Estelle, 429 U.S. at 104. Gutierrez v. Peters, 111 F.3d 1364 1369 (7th Cir. 1997).

## POINT 2

A deliberate indifference claim may arise, however, if a doctor continues an ineffective treatment plan despite knowing that it is ineffective. See Edwards v. Snyder, 478 F.3d 827, 832 (7th Cir. 2007) (treatment that was "'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition" may support deliberate indifference claim); Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); Kelley v. McGinnis, 899 F.2d 612, 616-17 (7th Cir. 1990) (inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective" (citing Estelle v. Gamble, 429 U.S. 97, 104 n.10, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). The decision to continue the allegedly ineffective treatment must be "so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment." Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). Plaintiff counters that the pain he endured at the time and continues to endure from the lack of proper medical treatment demonstrates that the medical condition was "serious." In light of the disputed facts related to whether Plaintiff received the pain medications and other treatments and the alleged resulting and ongoing pain, a genuine issue of material fact exists as to whether Plaintiff's medical condition was a "serious" medical condition for purposes of Section 1983 liability. It is well know that a condition that requires treatment and is threatening to the condition of the physical state and well being if not properly treated or stabilized will cause additional injury. King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)

## POINT 3

The Defendant's have the responsibility of maintaining his conditions even if they were per-existing, to prevent further complications, his per-existing condition is believed to be caused by medication given to him by Health Care while at another prison. It has not been proven that his current conditions he suffers are from the per-existing conditions and defendant's defense is unsubstantiated and uncorroborated. The Defendants concede there was a per-existing conditions that require care. Campanella 2015 WL 4523799, (7th Cir. July 27, 2015) The "mere Negligence" defense is a statement of proof of supervisory negligence for failure to supervise the lazy defendant subordinates. Rodriguez, 577 F.3d 816(7th Cir. 2009) prolonged pain stemming from a delay or absence of proper medical treatment may support a claim of deliberate indifference. See Petties v. Carter, 795 F.3d 688, 691 (7th Cir. 2015) (collecting cases and holding that prolonged and unnecessary pain resulting from a significant delay in effective medical treatment may support a claim of deliberate indifference)

## Conclusion

For the foregoing reasons the court should grant summary judgment on liability to the plaintiff on his Kidney Claims. The amount of damages due to the plaintiff must be determined at a settlement conference with a Mediator or at trial. Patterson v. Coughlin, 905 F.2d 564, 570 (2nd Cir. 1990) For the foregoing reason and explanations with law this Court should grant the motion in it's entirety.

**WHEREFORE** the court should deny the defendant's motion as a matter of law. The defendant should take nothing with his request and receive not benefits, and Plaintiff's complaint should proceed to jury trial on all issues.

Date: 8/20/18

Respectfully Requested,

*Anthony W Taylor*
Plaintiff, pro se, Prisoner
New Castle Correctional Facility
P.O. BOX A
New Castle Indiana, 47362

8

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and accurate copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT has been duly served upon the following addresses :

Clerk of The Court
U.S. District Court
Southern District of Indiana
105 U.S. Court House
46 East Ohio St
Indianapolis, In 46204

Jeb A. Crandall, #26323-49
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Boulevard,
Suite 420
Indianapolis, In 46250-4365

by personally handing the same to the appropriate staff at the New Castle Correctional Facility to be placed in the facility's prison legal mail system and deposit in the United States mail, First-Class postage prepaid, on this 20 day of August, 2018.

Respectfully submitted

DATE 8/20/2018

*Anthony Taylor*
STEVEN W. PRITT
NEWCASTLECORRECTIONALFACILITY
P.O. BOX E, 1000 VAN NUYS ROAD
NEW CASTLE, INDIANA 47362

*Anthony W Taylor*
DOC # 191071/20
NEW CASTLE CORRECTIONAL FACILITY
P.O. BOX E, 1000 VAN NUYS ROAD
NEW CASTLE, INDIANA
47362

**CLERK OF THE COURT**
U.S. DIST. COURT
INDIANAPOLIS DIVISION
105 U.S. COURT HOUSE
46 EAST OHIO STREET
INDIANAPOLIS, IN. 46204

**RE: PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

CAUSE No. 1:17-CV-2384-JMS-MPB

Dear Clerk: I have sent one copy of my PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and have served the defendant's a copy.

. Please process these .

Thank you for all your assistance in this matter.

Sincerely,

*Anthony W Taylor*